IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02905-RBJ

A-TAC GUNS GEAR UNIFORMS LLC and
ATAC ARMS,

      Plaintiff,

v.

U.S. DEPARTMENT OF JUSTICE, BUREAU OF
ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES,
DENVER COLORADO FIELD OFFICE, DIRECTOR
PAUL BROWN,

      Defendant.

**REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND RESPONSE IN OPPOSITION TO CROSS-MOTION FOR SUMMARY JUDGMENT**

Defendant, U.S. Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives, Denver Colorado Field Office, Director Paul Brown, ("ATF") respectfully files this reply in support of its Motion for Summary Judgment (ECF No. 20), and response in opposition to the cross-motion for summary judgment (ECF No. 21), filed by A-Tac Guns Gear Uniform, LLC ("A-Tac").

**INTRODUCTION**

As established in the government's motion for summary judgment ("ATF's Motion"), there is undisputed evidence in the administrative record to support over 200 Gun Control Act violations by A-Tac, each alone legally sufficient to support ATF's decision below.

In its response and cross motion, A-Tac, does not deny its Gun Control Act violations.

Instead, it seeks leniency. But that is not within the scope of this Court's review. ATF is afforded the discretion to determine when to refuse to allow a Federal Firearms Licensee in violation of the Gun Control Act to continue to manufacture and deal firearms. The Court may only overturn ATF's decision to revoke a federal firearms' license where ATF acted outside of its authority. Because ATF acted well within its authority in choosing to both revoke A-Tac's federal firearms license, and to issue a civil fine, the Court should grant ATF's Motion and deny A-Tac's cross-motion.

## UNDISPUTED FACTS AND RESPONSE THERETO

In ATF's Motion, it set forth the undisputed facts in the administrative record that establish each of the four types of violations upon which the Director based the revocation decision, and the fifth type of violation – selling firearms to convicted felons - upon which the Director based the civil fine. ECF No. 20 at 6-11. The government established not just that 273 violations occurred, but also that Mr. Taconi was given several opportunities to learn and understand the requirements of the Gun Control Act, including a face-to-face conversation with ATF agents at a Wisconsin gun show, and a written warning letter. ECF No. 20 at 6-7.

In the response and cross motion, A-Tac does not include a section of undisputed facts or respond to the recitation of undisputed facts in ATF's Motion. Instead, A-Tac provides a single citation to the administrative record: asserting that the record indicates that Mr. Taconi, the responsible person for A-Tac's federal firearms license, did not understand that he had to perform a background check and fill out a Form 4473 for sales of firearms to himself. ECF No. 21 at 3. As an initial matter, this does not create a dispute of material fact. As explained in ATF's Motion and below, failing or refusing to understand the requirements of the Gun Control

Act is not a defense to willfulness. Further, Mr. Taconi's supposed confusion about how to handle sales to himself, personally, impacts only a portion of two of the five types of violations. For the remainder of the violations, A-Tac simply asserts, without citations to the administrative record, "A-TAC disputes ATF's characterization that the violations from which this revocation arises were willful or that A-TAC was plainly indifferent to regulations . . ." *Id*. Assertions without citation to evidence are not sufficient to establish a disputed material fact on summary judgment. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004) ("Unsubstantiated allegations carry no probative weight in summary judgment proceedings.").

## ARGUMENT

### I.     This Court Must Affirm ATF's Revocation of the License

ATF's Motion details the facts from the administrative record that establish each of the violations supporting the Director's decision to revoke A-Tac's license.

First, ATF established 56 occasions on which A-Tac sold firearms outside of the state of Colorado, in violation of 18 U.S.C. § 922(j) and 42 C.F.R. § 478.100(a)(1). EFC No. 20 at 8-9, 12. A-Tac's response and cross-motion does not address these violations.

Second, ATF established 110 sales without first conducting the required background check, in violation of 18 U.S.C. 922(t); 42 C.F.R. 478.102(a).  ECF. No 20 at 9, 13. A-Tac's response points to Mr. Taconi's alleged misunderstanding of the requirement to follow the Gun Control Act with respect to sales to himself, which accounts for roughly have of these violations. The response does not address the remaining 56 sales.

Third, ATF established A-Tac's 45 sales of hand guns to non-Colorado residents, in violation of 18 U.S.C. § 922(b)(3) and 42 C.F.R. § 478.99. ECF No. 9, 12. A-Tac's response

3

and cross-motion does not address these violations.

Fourth, ATF established 59 missing Form 4473s in violation of 18 U.S.C. § 922(b)(5); 923(g)(1)(A); 42 C.F.R. § 478.124(a). ECF No. 20 at 9-10, 13. A-Tac's response addresses the use of Form 4473 for sales to Mr. Taconi, personally, but does not address the three remaining missing forms.

The unchallenged violations are more than sufficient to require the Court to affirm the Director's decision to revoke. The Director noted that, with the exception of the record-keeping violations in the fourth category, any one of the violation alone would have been sufficient for him to order the revocation. USA_000852, ¶ 7. Although the level and persistence of violations here are substantial, even minor or occasional violations may serve the basis for ATF's revocation decision. *Fairmont Cash Management, LLC v. James,* 858 F.3d 356, 362 (5th Cir. 2017) ("A single willful violation authorizes the ATF to revoke the violator's FFL, regardless how severe . . .").

There is also ample support for a finding that all of the violations — both the challenged and unchallenged — were willful. Willful under the Act includes "plain indifference toward known legal obligations" and can be proved through circumstantial evidence. *Borchardt Rifle Corp. v. Cook*, 684 F.3d 1037, 1042-43 (10th Cir. 2012). Mr. Taconi's signed acknowledgement of understanding A-Tac's obligations under the Act, and his signed acknowledgement of receiving the warning letter, alone, support a finding of willfulness. USA_000021, USA_000025-26. Significant additional supporting evidence, such as Mr. Taconi's own statements about his efforts to try to find other licensees to handle sales correctly at out-of-state gun shows, the pressure from his wife to make these illegal sales, and his decision not to "read

4

read" the information ATF agents provided to him, further supports this finding. USA_000763, lns. 7-19; USA_000742, lns. 4-15; USA_000811, ln. 21 – USA_000815, ln. 21; USA_000795, ln. 23 – USA_000799, ln. 16USA_000807, lns 3-5. With respect to the only evidence to which A-Tac cites in its response and cross-motion — that Mr. Taconi testified that he was confused about how to handle sales to himself — the Gun Control Act and ATF guidance is clear that a federal firearms licensee cannot circumvent the Act by transferring firearms to the individual owner, and there is criminal liability for an unlicensed individual to deal firearms.[1]

The primary argument in A-Tac's response and cross motion is that ATF should have considered A-Tac's alleged after-the-fact compliance, and determined that this later decision to comply with the Gun Control Act warrants ATF giving A-Tac additional opportunities to lawfully conduct its business before ATF revoked the license. ECF No. 21 at 5. A-Tac argues that ATF's policy is to provide opportunities for licensees to improve. *Id.* at 1 and 5. But there is nothing in the Act that allows after-the-fact compliance (which is not in the record here) to cure a prior violation. A-Tac itself concedes, "there is no entitlement to a re-evaluation or second chances in the Act." ECF No. 21 at 5.

Moreover, although not required,[2] A-Tac was in fact provided a warning prior to over 100 of the violations at issue here.[3] It is not surprising that after hearing Mr. Taconi's own

---

[1] *See* ATF Motion at 15-16 for a summary of these provisions of the Act and the ATF guidance.
[2] A warning is not a prerequisite for a finding of willfulness. *Simpson v. Attorney General*, 913 F.3d 110, 116 (3d Cir. 2019) (in affirming summary judgment for ATF in a case in which ATF did not provide a warning, finding important that the FFL was trained on the Act's requirements and signed acknowledgments of those trainings); *CEW Properties, Inc. v. U.S. Dept. of Justice*, 2019 WL 2305154 (W.D. Okla. May 30, 2019) (appeal filed) ("While Petitioner was not warned of its violations prior to revocation, the law is clear that this is not required.").
[3] *See* ATF's Motion at 8-10 (detailing how many of each violation occurred after the warning at the Wisconsin gun show).

statements about his understanding of the law (and choice not to try to understand the law), his suspicions about the authority of ATF agents, and his description of competing pressures from his wife, that the Director determined that it would not be prudent to allow A-Tac to continue to manufacture and sell firearms.

More importantly for the current motion, the Gun Control Act does not vest courts with the power to second-guess ATF's decision to hold a federal firearms licensee to the requirements of the Act. Instead, the reviewing court can reverse if it "decides that the Attorney General <u>was not authorized</u> to deny the application or to revoke the license." 18 U.S.C. § 923 (emphasis added). [4] The Tenth Circuit, in affirming summary judgment in favor of an ATF revocation decision, noted that this is the "only" circumstance under which the reviewing court can grant relief. *Borchardt*, 684 F.3d at 1042.

A-Tac's argument that the Director's decision here is contrary to the leniency ATF shows to others was expressly rejected in *Fairmount Cash Management, LLC v. James*, 858 F.3d 356 (5th Cir. 2017). There, the licensee argued that ATF often chooses to "overlook" the type of violations at issue and, accordingly, the court should overturn the revocation decision. The court instructed: "This misses the mark. Our question is not whether the ATF fairly distributes its revocation decisions among FFL-holders who violate the Gun Control Act; it is whether the ATF was authorized by the Act to revoke." *Id.* at 363.

## II.     The Court Must Affirm ATF's Imposition of a Civil Fine

In ATF's Motion, ATF established the undisputed facts and law that support the

---

[4] A-Tac provides the incorrect legal standard in its response and cross-motion – the standard for review under the Administrative Procedure Act. ECF. No. 21 at 3-4. The correct standard under the Gun Control Act is set forth in ATF's Motion at 3-5.

Director's decision to impose a civil fine of $24,486 for A-Tac's sale of three firearms to felons. ECF No. 20 at 10, 17-18. ATF's Motion also established that willfulness is not required for ATF's imposition of a civil fine. *Id.* at 17-18.

In its response and cross motion, A-Tac does not deny the three sales to felons, or ATF's authority to impose a fine.

## CONCLUSION

A-Tac has failed to raise a dispute of material fact that would prevent a finding that the Director was within his authority to both revoke A-Tac's federal firearms license and impose the civil fine. Accordingly, ATF respectfully requests that the Court enter summary judgment in ATF's favor and deny A-Tac's cross motion for summary judgment.

Dated:  July 17, 2020                                Respectfully submitted,

                                                     JASON R. DUNN
                                                     United States Attorney

                                                     *s/ Andrea Wang*
                                                     Andrea Wang
                                                     Assistant United States Attorney
                                                     United States Attorney's Office
                                                     1801 California Street, Ste. 1600
                                                     Denver, CO 80202
                                                     Telephone: 303-454-0100
                                                     E-mail: andrea.wang@usdoj.gov

                                                     Counsel for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2020, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to any party who has entered an appearance in this matter to the address provided in CM/ECF.

RW@bryanslaw.com

                                                *s/ Andrea Wang*
                                               Office of the U.S. Attorney